United States Court of Appeals,

Fifth Circuit.

No. 96-30704.

Sharon S. DUPRE, Widow of Russell P. Dupre, individually and as natural tutrix of her minor child, Beau Nicholas Dupre, Plaintiff-Appellant,

v.

CHEVRON U.S.A., INC., et al., Defendants,

Chevron U.S.A., Inc., Defendant-Appellee.

April 4, 1997.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before DAVIS, SMITH and DUHÉ, Circuit Judges.

PER CURIAM:

Following the initial appeal in this case, we remanded it to the district court and directed that court to determine whether, under the facts of this case, Chevron owed Dupre a duty. *Dupre v. Chevron U.S.A., Inc.,* 20 F.3d 154 (5th Cir.1994). The district court considered that question and answered it in the negative. Dupre then prosecuted this appeal seeking review of that judgment.

We are persuaded that our decisions in *Olsen v. Shell Oil Co.,* 561 F.2d 1178, 1187-90 (5th Cir.1977), *cert. denied,* 444 U.S. 979, 100 S.Ct. 480, 62 L.Ed.2d 405 (1979), *Bourg v. Texaco Oil Co., Inc.,* 578 F.2d 1117, 1121 (5th Cir.1978), and *Romero v. Mobil Expl. & Prod'g, N. Am., Inc.,* 939 F.2d 307, 310-11 (5th Cir.1991), control this case. We agree with the district court that the regulations adopted pursuant to the Outer Continental Shelf Lands Act (OCSLA) provide no basis for an implied cause of action against Chevron; nor do those regulations create an independent duty under Louisiana law on the part of Chevron, the platform owner and principal, to protect a contractor's employee from hazards created by the contractor. *See Graham v. Amoco Oil Co.,* 21 F.3d 643, 648 (5th Cir.1994); *Ainsworth v. Shell Offshore, Inc.,* 829 F.2d 548, 550-51 (5th Cir.1987), *cert. denied,* 485 U.S. 1034, 108 S.Ct. 1593, 99 L.Ed.2d 908 (1988). Finally, we reject Dupre's argument that Chevron contractually assumed a duty of reasonable care with respect to the Sundowner rig under the terms of its lease with the United States, which incorporated the federal

regulations.  That argument depends on this court finding that the OCSLA regulations themselves create a duty under Louisiana negligence law, a position rejected in *Romero,* 939 F.2d at 311.

AFFIRMED.